# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL CAMPOSECO,<br><br>            Plaintiff,<br><br>        v.<br><br>BOUDREAUX, *et al.*,<br><br>            Defendants. | Case No.  1:19-cv-01330-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO SUPPLEMENT THE FIRST AMENDED COMPLAINT WITHOUT PREJUDICE<br><br>(ECF Nos. 13, 14) |

Plaintiff Samuel Camposeco ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's first amended complaint has not yet been screened.

Currently before the Court are Plaintiff's motion to supplement the first amended complaint, (ECF No. 13), and Plaintiff's letter regarding the first amended complaint, (ECF No. 14).  The Court construes the filings as motions to supplement or amend the first amended complaint.

In Plaintiff's motion to supplement the first amended complaint, filed October 31, 2019, Plaintiff states that he mistakenly did not include a claim that he wishes to be included with his first amended complaint.  (ECF No. 13.)  However, Plaintiff further states that he does not wish to include the claim as an additional complaint, and if the claim cannot be included with the existing first amended complaint, the claim should be disregarded.  (Id.)

1

Similarly, in Plaintiff's letter, filed April 14, 2020, Plaintiff states that he mistakenly did not include a defendant in his first amended complaint, and wishes to add the defendant to the first amended complaint.  (ECF No. 14.)  Again, Plaintiff explicitly states that he does not want a second amended complaint, nor does he wish to supersede the first amended complaint.  Plaintiff states that if he cannot include the mistakenly removed defendant, then to disregard his letter.  (Id.)

Pursuant to Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  However, Plaintiff is not attempting to include events that occurred after the date the first amended complaint was filed, but merely to include information that was mistakenly left out of the amended complaint.  Thus, the Court declines to allow the filing of these documents as supplemental pleadings pursuant to Rule 15(d).  Instead, Plaintiff's filings are more appropriately considered pursuant to Rule 15(a).

As Plaintiff has been informed, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted).  However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

Plaintiff has already amended his complaint once as a matter of course.  (ECF No. 11.)  Therefore, Plaintiff may only amend by leave of court, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  While the Court is inclined to grant Plaintiff's motions for leave to amend, Plaintiff has clearly indicated that he does not wish to submit a further amended complaint if the omitted claim and defendant at issue cannot be included with the

existing first amended complaint. If Plaintiff wishes to include the claim and defendant as part of this action, he must file an amended complaint that is complete within itself without reference to any other pleadings. Lacey v. Maricopa Cty., 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc); Local Rule 220. In other words, Plaintiff must file an amended complaint that sets forth all of his claims in a single pleading.

At this time, the Court will deny Plaintiff's motions, without prejudice. If Plaintiff wishes to attempt to add the missing claim and defendant to this action at a later date, he should file a motion to amend, and if the motion is granted, he should be prepared to file an amended complaint which includes all of the claims and defendants he wishes to pursue in this action.

Accordingly, Plaintiff's motions to supplement the first amended complaint, (ECF Nos. 13, 14), are HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 16, 2020**              /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE

3